UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No. 04-80646

D-1 KOLLOL AHMED                Honorable Patrick J. Duggan
D-2 MOHAMMED AHAD,

      Defendants.

_____/


### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT AND FORFEITURE CLAIM

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on JUNE 2, 2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Presently before the Court is Defendants' Motion to Dismiss Indictment and Forfeiture

Claim. The Court held a hearing on this Motion on May 25, 2005. For the reasons set forth

below, Defendants' Motion is denied.

**I.      Background**

On July 28, 2004, a federal grand jury in this Court indicted Defendants Kollol Ahmed

and Mohammed Ahad. Count One of the indictment charges Defendants with Conducting

an Illegal Money Transmitting Business, Aiding and Abetting and Willfully Causing in

violation of 18 U.S.C. § 1960 and 18 U.S.C. § (2)(a)(b).  The indictment alleges that from October 31, 2002 to December 22, 2003, Defendants "did knowingly conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business, as . . . defined in Title 18, United States Code, Sections 1960(b)(1)(B) . . ." (Indictment ¶ 5). The indictment further alleges that Defendants "did aid and abet each other in said activity, and did willfully cause each to act in said activity all with regard to transmitting at least approximately $99,371.64 on behalf of the public by means including, at least, wire transfers . . ." in violation of the money transmitting business registration requirements under 31 U.S.C. § 5330.  (Indictment ¶ 5). Finally, the indictment alleges that Defendants must forfeit $99,371.64 to the United States pursuant to 18 U.S.C. § 982(a)(1)(A) for their violations of 18 U.S.C. § 1960.  (Indictment ¶ 7).

On April 22, 2005, Defendants filed their Motion to Dismiss Indictment and Forfeiture Claim.  In their Motion, Defendants raise the following arguments: (1) 18 U.S.C. § 1960 is a strict liability offense which violates the Due Process Clause of the U.S. Constitution; (2) 18 U.S.C. § 1960 is unconstitutionally vague in violation of the Due Process Clause of the U.S. Constitution; (3) 18 U.S.C. § 1960 violates Defendants' rights to equal protection under the Due Process Clause of the U.S. Constitution; and (4) forfeiture of $99,371.64 violates the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

## II.   Applicable Law and Analysis

The indictment alleges that, in violation of 18 U.S.C. § 1960(a), Defendants knowingly conducted an unlicensed money transmitting business, that affected interstate commerce or foreign commerce, and, that the business was unlicensed, as defined by § 1960(b)(1)(B), by

2

failing to register with the Department of Treasury as required by 31 U.S.C. § 5530.  On

October 26, 2001, Congress enacted the U.S.A. Patriot Act, Public Law 107-56, § 373(a),

which rewrote 18 U.S.C. § 1960 to provide, in pertinent part:

> (a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

> (b) As used in this section–

>> (1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and–

>>> (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;

>>> (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or

>>> * * *

>> (2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

>> (3) the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

18 U.S.C. § 1960.

31 U.S.C. § 5330(a)(1) requires any person who owns or controls a money transmitting

business to register the business with the Secretary of the Treasury no later than 180 days

after the business is established.  Section 5330(d)(1)(A) defines a money transmitting

business to include any business which

> (A) provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system; . . .

A.   18 U.S.C. § 1960's Mens Rea Requirement

Defendants contend that because an individual may be convicted under § 1960(b)(1)**(A)** for operating a money transmitting business in violation of a state licensing requirement, "whether or not the individual knew that the operation was required to be licensed or that the operation was so punishable," the statue imposes strict criminal liability.  (Br. in Supp. of Mot. at 10-17).  "Strict liability"offenses impose criminal liability absent any culpable state of mind.  *United States v. Bailey*, 444 U.S. 394, 404 n.4, 100 S. Ct. 624, 631 n.4 (1980).  Here, however, the indictment charges Defendants with a violation of 18 U.S.C. § 1960(b)(1)**(B)**.

Moreover, the United States contends that 18 U.S.C. § 1960(a) has a *mens rea* provision; § 1960(a) is a general intent crime requiring proof that Defendants *knew* that they were operating a money transmitting business and *knew* that the business did not have a license.   The legislative history of the U.S.A. Patriot Act amendments to 18 U.S.C. § 1960 provides, in pertinent part:

> First, section 104 clarifies the scienter requirement in § 1960 to avoid the problems that occurred when the Supreme Court interpreted the currency transaction reporting statutes to require proof that the defendant knew that structuring a cash transaction to avoid the reporting requirements had been made a criminal offense.  *See Ratzlaf v. United States*, 114 S. Ct. 655 (1994).  The

4

proposal makes clear that an offense under § 1960 is a general intent crime for which a defendant is liable if he knowingly operates an unlicensed money transmitting business. For purposes of a criminal prosecution, the government would not have to show that the defendant knew that a State license was required or that the Federal registration requirement promulgates pursuant to 31 U.S.C. § 5330 applied to the business.

H.R. REP. NO. 107-250(I), at 34, Financial Anti-Terrorism Act of 2001 (2001).

Thus, the legislative intent unambiguously reflects Congress's intention that a § 1960 violation is a general intent crime that does not require proof of Defendants' knowledge of the federal registration requirement

B. Whether 18 U.S.C. § 1960 is Unconstitutionally Vague

Defendants contend that 18 U.S.C. § 1960 is unconstitutionally vague because it does not provide adequate notice of what it prohibits and contains no standard for proper enforcement. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1982).

Other courts have found that 18 U.S.C. § 1960 is not unconstitutionally vague. *See, e.g.*, *United States v. Velastegui*, 199 F.3d 590, 595 (2d Cir. 1999) (finding that 18 U.S.C. § 1960(b)(2) imparts "sufficient clarity to comport with the constitutional fair-notice requirement"); *United States v. Barre*, 324 F. Supp. 2d 1173, 1176-77 (D. Colo. 2004) (concluding that the defendant's arguments, (1) that § 1960 contains inconsistent *mens rea* elements and (2) that the statute's definition of a "money transmitting business" is unintelligible, were unfounded). Similarly, this Court believes that 18 U.S.C. § 1960 is

sufficiently clear to both provide adequate notice of what it prohibits and to ensure proper enforcement.

C. Whether 18 U.S.C. § 1960 Violates Defendants' Rights to Equal Protection

Defendants contend that 18 U.S.C. § 1960(b)(1)(A) violates their rights to equal protection guaranteed under the Due Process Clause of the Fifth Amendment because different states have different licensing requirements. However, as discussed above, Defendants are charged under § 1960(b)(1)(**B**). Section 1960(b)(1)(B) covers unlicensed money transmitting businesses that fail to comply with the requirements set out in 31 U.S.C. § 5330. Unlike § 1960(b)(1)(A), this section does not rely on state law.

D. Whether Forfeiture of $99, 371.64 Violates the Excessive Fines Clause

Finally, Defendants contend that a forfeiture of $99,371.64 is grossly disproportionate to the gravity of Defendants' offenses and constitutes a violation of the Excessive Fines Clause.

The Excessive Fines Clause of the Eighth Amendment to the Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment's primary focus is to limit the potential for governmental abuse of its prosecutorial power. *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 266, 109 S. Ct. 2909, 2915 (1989). A fine, in the context of the Excessive Fines Clause, is "a payment to a sovereign as punishment for some offense." *Id.* at 265, 109 S. Ct. at 2915. Forfeitures are fines, and thus, subject to the Excessive Fines Clause, if they constitute punishment for a crime. *United States v. Bajakajian*, 524 U.S. 321, 328, 118 S. Ct. 2028, 2033 (1998).

In *Bajakajian*, the Supreme Court found that the forfeiture of over $350,000 was excessive and "grossly disproportional" to the gravity of the offense for which the defendant had pled guilty.  *Id.* at 339-40, 118 S. Ct. at 2039.  The defendant attempted to carry more than $350,000 out of the United States without reporting the money, in violation of 31 U.S.C. § 5316(a)(1)(A).  *Id.* at 325, 118 S. Ct. at 2032.  31 U.S.C. § 5316(a)(1)(A) requires a person to file a report with the Secretary of Treasury when he or she knowingly "transports, is about to transport or has transported, monetary instruments of more than $10,000 at one time . . . from a place in the United States to or through a place outside the United States."

In finding the forfeiture excessive, the Court noted that the crime was solely a reporting violation that did not involve other illegal activities.  *Id.* at 337-38, 118 S. Ct. at 2038.  Moreover, the offense had a maximum sentence of six months and a maximum fine of $5,000 under the Sentencing Guidelines, which confirmed "a minimum level of culpability."  *Id.* at 338-39, 118 S. Ct. at 2038.  Finally, the Court reasoned that the harm caused by the defendant's violation was minimal and that it "affected only one party, the Government, and in a relatively minor way."  *Id.* at 339, 118 S. Ct. at 2039.

In contrast, in *United States v. Wallace*, 389 F.3d 483 (5th Cir. 2004), the Fifth Circuit Court of Appeals found that a forfeiture of an airplane worth somewhere between $30,000 and $53,000 did not violate the Excessive Fines Clause.  *Id.* at 488.  In that case, the district court had ordered forfeiture of the defendant's plane after he pleaded guilty to operating an unregistered aircraft in violation of 49 U.S.C. § 46306(b)(5)(A).  *Id.* at 484-85.

On appeal, the Fifth Circuit compared the maximum statutory fine, which was $250,000, to the value of the airplane, which was somewhere between $30,000 and $53,000.

7

*Id.* at 486. The Court distinguished the facts in *Wallace* from the facts in *Bajakajian* in which the defendant was ordered to forfeit over $350,000 where the Sentencing Guidelines had provided for a maximum fine of $5,000. *Id.* at 485 (citing *Bajakajian*, 524 U.S. at 339-40, 118 S. Ct. at 2038). The Court noted that the Eleventh Circuit has held that "if the value of the forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional." *Wallace*, 389 F.3d at 486 (quoting *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1310 (11th Cir. 1999)). The Court also noted that the gravity of the offense in *Wallace* was greater than the gravity of the offense in *Bajakajian*. *Wallace*, 389 F.3d at 487. The defendant in *Wallace* had owned the airplane for several years before it was seized by the government, whereas the offense in *Bajakajian* was the one-time transportation of currency outside of the United States. *Id.*

Similarly, in this case, the indictment alleges a series of transactions, not a one-time offense. The indictment charges Defendants with conducting their unlawful money transmitting business from October 31, 2002 to December 22, 2003. Moreover, the maximum statutory fine under 18 U.S.C. § 3571(b)(3) is $250,000 and the maximum fine under the Sentencing Guidelines is $100,000.[1] Therefore, the Court does not believe that the $99,371.64 forfeiture is excessive.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Indictment and Forfeiture Claim

---

[1] Each Defendant could receive a maximum fine of up to $50,000 under the Sentencing Guidelines. *See* Sentencing Guidelines Sections 2S1.3(a)(2); 2B1.1(b)(1)(E) and 3B1.1(c). Therefore, Defendants' combined potential criminal fine is $100,000.

8

is **DENIED**.


s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  June 2, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2005, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager